This pro se disability retirement case is before the court, without oral argument, on the defendant’s motion to dismiss. The plaintiff was released from active duty in the Navy and transferred to the Fleet Naval Reserve, effective March 23, 1961, following a physical examination on March 15, 1961. After a physical examination on June 7, 1966, he was retired from the Fleet Naval Reserve, effective August 1, 1966, for physical disability by reason of passive dependent personality manifested by chronic alcoholism. The plaintiff asserts (in a petition filed here on November 29, 1977) that, had he been given a proper examination on March 15, 1961, it would have been shown that he was physically disabled by reason of alcoholism and entitled to disability retirement pay. He sought a correction of his records from the Board for Correction of Naval Records (BCNR); his first application was denied on April 1, 1968, and five others were denied subsequently.
We agree with the defendant that the plaintiffs claim is barred by the six-year statute of limitations, 28 U.S.C. § 2501 (1970). The claim accrued on April 1, 1968, upon the final action by the first board competent to determine the plaintiffs eligibility for disability retirement pay; in this case that tribunal was the BCNR since the plaintiff did not appear before a retiring board upon his release from active duty. Friedman v. United States, 159 Ct. Cl. 1, 17-19, 310 F.2d 381, 391-92 (1962), cert. denied sub nom. Lipp v. *730 United States, 373 U.S. 932 (1963). The subsequent refusals by the BCNR, on plaintiffs repeated applications, to correct his records did not create any new causes of action. Friedman, supra, 159 Ct. Cl. at 25, 310 F.2d at 396. As an excuse for his belated filing in this court, plaintiff says that he was not informed of his right to bring suit in the Court of Claims until August 29, 1977. However, mere ignorance of rights that should be known does not delay the running of the statute of limitations. Japanese War Notes Claimants Ass’n v. United States, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59, cert. denied, 389 U.S. 971 (1967). There was no obligation, statutory or otherwise, on the authorities to inform plaintiff that he could bring suit for disability retirement pay in this court.
IT IS THEREFORE ORDERED AND CONCLUDED that the' defendant’s motion to dismiss is granted and that the plaintiffs petition is dismissed.
Petition for certiorari denied November 27, 1978, 439 U.S. 988.